JOSEPH GREENBERG AND WILLIAM GREENBERG, PARTNERS, TRADING AS GREENBERG & GREENBERG, RESPONDENTS, v. LOUIS KENDALL, WILLIAM J. KROGER, JULIUS FUNESTI AND HERBERT G. HOLTJE, APPELLANTS.

Submitted January term, 1932—Decided April 26, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellants, *Rinaldi & Shanley.*

For the respondents, *Greenberg & Greenberg.*

PER CURIAM.

The action in this case was by a firm of attorneys to recover fees for professional services. There was a judgment in their favor in the District Court and the defendants appeal contending that there was error in the refusal to charge certain requests submitted by the defendants and in the charge itself.

The plaintiffs were employed by the defendants to advise them as to their rights in a plot of ground adjoining lots owned by them respectively. Defendants were advised that it would be necessary to obtain title to the plot of ground, and suggested the formation of a corporation to take the title. The corporation was formed and deeds to this corporation were procured. The defense was that defendants were not obliged to pay because of the limited nature of the title conveyed by the deeds, and on the further ground that the work performed by the plaintiffs was based on improper advice given by them to the defendants, which advice was of no value and therefore did not constitute a meritorious claim.

The errors complained of were that the trial judge refused to give legal force to a map in which the plot of land was described as a park and tennis courts on the theory that it was a dedication of the tract to the use of the plaintiffs, and to the denial of a request that an acceptance of a charter by the incorporators was an essential condition to the legal existence of the corporation.

We think the instructions requested were properly denied. The plot of ground is wholly within and bounded by the land of private persons; it fronts on no public highway; it was not a dedication to public use and not being for a public use, it could not constitute a dedication at all. *Trustees of the Methodist Episcopal Church* v. *Hoboken, 33 N. J. L.* 13. The judge was, therefore, right in refusing to instruct the jury as requested that the map constituted a dedication of the described plot for the benefit of the owners of the land shown on the map.

Likewise in refusing the instruction that in order to complete the incorporation of the association there must be an acceptance of the charter granted by the state. This request undoubtedly contemplated that in order to make a charter effective and complete there must be a formal acceptance of the charter by the incorporators. The charter was obtained and delivered to the plaintiffs who were then counsel for the defendants. Section 3 of the General Corporation act (*Comp. Stat., p.* 126) provides that, "upon filing the certificate

\* \* \* the persons who shall have signed and acknowledged such certificate and their associates and successors, shall thereupon by virtue of this act be a body politic and corporate by the name stated in such certificate."

The judgment will be affirmed, with costs.